EASTERN DIS.
May, 1834.

BALDWIN
vs.
THOMPSON
ET ALS.

Proceedings in suits for partition, are now conducted according to the rules prescribed by the *Code of Practice* and the *Acts of the Legislature*, since the great repealing act of 1828.

---

BALDWIN *vs.* THOMPSON ET ALS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a person pays a debt for another which he may be legally bound to pay, or have an *interest* in paying, he is thereby subrogated to all the rights of the creditor against the person for whom he has paid.

So where A stipulates with B to pay C a debt owing to the latter by B, according to the doctrine of *stipulation pour autrui*, A becomes C's debtor.

Where A stipulates with B to pay certain notes given by the latter to C, which are secured by mortgage, and A fails to make payment: *held*, on B's taking up his own notes, he is thereby subrogated to all C's right of mortgage against the property affected, even in the hands of a third possessor.

EASTERN DIS.
*May*, 1834.

BALDWIN
*vs.*
THOMPSON
ET ALS.

The act of subrogation must be evidenced by an authentic document; i. e. the payment made by the original promissor in the notes, must be shown by a notarial act, to authorise an order of seizure and sale thereon.

This case commenced by the hypothecary action against the defendant Thompson, as the third possessor of two lots of ground in New-Orleans. The plaintiff states in his petition for the order of seizure and sale, that on the 9th of November, 1831, he sold to John Green two certain lots of ground in New-Orleans, by a public act, in which Green stipulated to assume the reversion of a mortgage existing on said lots in favor of one Samuel Kohn, and also assuming to pay, at maturity, two certain promissory notes, one of one thousand and fifty dollars, and the other of nine hundred sixty-six dollars and sixty-six cents, given by Baldwin to said Kohn, his vendor, and as part of the price of said lots. When the notes became due, Green failed to pay them, and in the mean time sold and conveyed the lots in question to William T. Thompson, the present defendant. The plaintiff obtained an order of seizure and sale of the lots for the payment of said notes, by annexing the act of sale to Green and the two notes under protest with the usual affidavit, and also the act of sale from Green to Thompson, who is in possession. Thompson obtained an injunction against the order of seizure and sale on the following grounds: that by the plaintiff's own showing, it appears that the mortgage on which he attempts to exercise his hypothecary action against the property in question, was given by said J. Baldwin in favor of Samuel Kohn, to secure the payment of the promissory notes referred to, which notes were given by Joshua Baldwin to Samuel Kohn, for the price of said lots, and that said notes have been paid by said Baldwin, and the mortgage given to secure payment thereby extinguished; and that the act upon which the order of seizure and sale was obtained, does not import a confession of judgment to authorise the executory process, and that the enforcement of the order would occasion an irreparable injury.

EASTERN DIS.
*May*, 1834.

BALDWIN
*vs.*
THOMPSON
ET ALS.

Baldwin took a rule on Thompson to show cause on the 15th of June, 1833, why the injunction should not be dissolved. The rule was discharged, and the injunction made perpetual.

Baldwin then answered to the injunction, that his proceedings in obtaining the order of seizure and sale as set out in that suit, were sufficient to maintain it, and made it part of his answer. The two suits were consolidated.

The certificate of the recorder of mortgages was produced on the trial, showing that in the acts of sale from Baldwin to Green, a mortgage was retained and recorded, and also in the act of sale from Kohn to Baldwin, which said act was recited in the above, and its obligations assumed by Green.

Upon this evidence the Parish judge decided that the mortgage of Baldwin to Kohn was extinguished by the payment of the notes which had been taken up by Baldwin, under protest, and that the act of Green to Thompson does not import a confession of judgment in favor of Baldwin, &c., &c.

There was judgment for the defendant, Thompson, perpetuating the mortgage and cancelling the order of seizure, &c.

The plaintiff appealed.

*Strawbridge*, for the plaintiff and appellant, contended that:

1. By the deed of sale Green engaged to pay the notes due by Baldwin, and assumed the reversion of the mortgage. This is a new agreement, the meaning of which is to be sought in the intention of the parties.

2. If it be not considered as a new mortgage, Baldwin had at least the privilege of a vendor, which has been recorded in uniformity with the provisions of the Code, and this is full authority for the suit.

3. Although the payment by Baldwin undoubtedly extinguished the original debt, yet it affected no accessary or

incidental obligation. A surety who pays, extinguishes the claim of the original creditor, but he may recover it from the principal debtor. In this case, as between Baldwin and Green, the latter was the debtor. Baldwin was also bound to Kohn, together with Green, and for Green; but upon payment, became subrogated to Kohn's rights against Greene. *Civil Code,* 2157.

EASTERN DIS.
*May,* 1834.

BALDWIN
*vs.*
THOMPSON
ET ALS.

4. Thompson bought subject to Baldwin's claim, and all he stipulated for was that Green should pay; he relied on Green's personal security, and there is no reason that when this failed, he should take advantage of Baldwin's punctuality.

5. In relation to the objections as to the *via executiva,* when the defendant filed his opposition and obtained the injunction, the proceeding was changed to the *via ordinaria,* and the court will decree upon the whole matter.

*Roselius,* for the defendant and appellee, made the following points:

1. The principal question in this case is whether the mortgage granted by Baldwin to secure the payment of his notes in favor of Kohn, has been extinguished by the payment of those notes by Baldwin. A mortgage is an accessary obligation, which cannot exist after the extinguishment of the principal obligation. *La. Code,* 3374; *Shields* vs. *Brundige.* 4 *La. Rep.,* 326.

2. But it is said that in the sale from Baldwin to Green, the latter assumed to pay the notes of the former, and took the reversion of the mortgage. This, no doubt, created a new obligation on the part of Green towards Baldwin, which has not been impaired, and which can still be enforced.

3. It is not denied that the holder of the notes previous to Baldwin's taking them up, could have enforced the mortgage against the property.

4. But Baldwin is not subrogated to the rights of Kohn, for a person can no more be subrogated to the rights and

EASTERN DIS.
May, 1834.

BALDWIN
vs.
THOMPSON
ET AL.

obligations against himself, than a person can owe a debt to himself.

5. At all events, Baldwin was not in possession of a title importing confession of judgment, and therefore not entitled to an order of seizure and sale. The fact of payment of the notes by Baldwin is matter *in pais*.

6. The holder of a note secured by mortgage, cannot resort to the *via executiva*, unless it has been transferred to him by authentic act.

MATTHEWS, J., delivered the opinion of the court.

In this case the plaintiff having obtained an order of seizure and sale of certain lots of ground in the possession of the defendant as a third possesssor; the latter applied for and obtained an injunction against the summary proceeding. The action in its origin was hypothecary under the new proceedings established by the *Code of Practice.* On a final hearing of the case, which seems by the court below to have been considered as compounded of two; the original petition for the order of seizure and the application for the injunction, judgment was rendered by which the provisional injunction was made perpetual, from which the plaintiff appealed.

The cause is complicated and somewhat abstruse in its principles. It is shown by the evidence, that Baldwin had obtained the lots in question by purchase from Samuel Kohn, who retained a mortgage to secure the payment of the price, which was to be made by instalments as evidenced by certain notes which the purchaser was bound to pay at maturity. Baldwin afterwards sold to John Green, who assumed in favor of the seller the payment of the notes given by him to Kohn, and also the reversion of the mort_gage held by the debtor. Green sold to Thompson the defendant in the case of the order of seizure and plaintiff in injunction, and Green did not pay and take up Baldwin's notes to Kohn as stipulated in the act of sale to the former, consequently the original promissor was obliged to pay them

EASTERN DIS.
May, 1834.

BALDWIN
vs.
THOMPSON
ET AL.

as they became due, in order to protect his credit by supporting a character for good faith and punctuality in his dealings. Having been thus compelled to pay some of these notes, he instituted the proceeding as above stated against the defendant as third possessor.

The grounds relied on to obtain the injunction and those on which the court below made it perpetual are, 1st. That the mortgage retained by Kohn the vendor to Baldwin, was extinguished *pro tanto*, in consequence of the payment of the notes, &c. by the latter, being only an accessary to the principal obligation to pay the price. 2nd. That the act of sale from Green to Thompson imports no confession of judgment in favor of Baldwin. 3d. That no new mortgage is created by the act of sale from Baldwin to Green, as by that act Green only assumed the mortgage given by his vendor to Kohn, and the payment of the notes secured by it. And that, although, Green is responsible to Baldwin under his agreement to pay those notes which he failed to comply with, yet the latter has no right to proceed by executory process against the property in the possession of Thompson.

A considerable difficulty arises in giving a proper interpretation of this contract, from the vague, indefinite, and unmeaning manner in which the word reversion of Kohn's mortgage is used in the act of sale from Baldwin to Green. If this expression can be said to mean any thing in the way in which it is used, it must mean that Baldwin in the event of being obliged to pay the notes, the payment of which was expressly assumed by his vendee, then he, Baldwin, should be subrogated to all Kohn's rights resulting from the mortgage. But this is no more than would have occurred under express provisions of law, which declare that when one person pays a debt for another, which he may be legally bound to pay, or has an interest in paying, then he who pays is subrogated to all the rights of the creditor to whom he has made payment. Now we consider that the debts due to Kohn, according to the agreement between Green and Baldwin, was really the debt of the former, although

Where a person pays a debt for another which he may be legally bound to pay, or have an interest in paying, he is thereby subrogated to all the rights of the creditor against the person for whom he has paid.

Where A stipulates with B to pay certain notes given by the latter to C, which are secured by mortgage and A fails to make payment, on B's taking up his own notes, he is thereby subrogated to all C's right of mortgage against the property affected even in the hand of a third possessor.

The act of subrogation must be evidenced by an authentic document; *i.e.* the payment made by the original promissor in the notes must be shown by a notarial act to authorize an order of seizure thereon.

the latter was also bound to Kohn. In pursuance of the doctrine of *stipulation pour autrui*, Green became Kohn's debtor by means of the act of sale made by Baldwin to the former, for he stipulated expressly to pay to Kohn the debt which Baldwin owed. This subrogation revived or rather kept alive in the hands of the person subrogated, all the rights of the creditor notwithstanding the payment made by the person subrogated. The court below was therefore in error by considering Kohn's mortgage as extinct by the payment of the notes made by Baldwin; it may be considered as dead in relation to the former but servives to the latter; who thereby has acquired a right to all Kohn's liens and privileges on the property mortgaged, if the act by which the subrogation took place appeared by an authentic document, *i. e.* if the payment made by the original promissor in the notes was shown by a notarial act. But the payment is not shown by authentic evidence. The court below was therefore correct in the opinion by which the executory or summary process was denied to the plaintiff. There is, however, error in the reasons given in the support of that opinion.

The privilege claimed in favor of the seizing creditor as vendor, is no where stated in the pleadings of the cause, consequently ought not to be taken into consideration.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs; reserving to the plaintiff his right of action against Green, and also his right to pursue the mortgaged property in the possession of the third possessor, on proof of payment of the notes in question by authentic evidence.