LAMBERSON, Appellant, vs. BAILEY and others, Respondents.

*May 1—October 6, 1914.*

*Mortgages: Action to redeem: Judgment for costs applicable toward redemption: Assignment: Effect: Interest on judgment: Redemption by one tenant in common: Right to lien.*

1. In an action to redeem from a mortgage plaintiff had judgment and it was provided therein that the costs might be applied toward the redemption. The plaintiff then, by warranty deed, conveyed an undivided half interest in the land "free of incumbrances," and after the recording of that deed assigned the judgment for costs to an innocent purchaser thereof. Defendant paid a part of the judgment for costs to such assignee. *Held*, that the grantee of the land had the right, nevertheless, in making redemption, to apply thereto the judgment for costs, the assignee having taken title subject to that right.
2. Where a judgment provided that redemption might be made from a mortgage by paying a specified sum with interest from the date of the judgment, a payment of that amount into court was sufficient even though the judgment should have provided for the payment of interest from the date of the findings.

3. Where a half interest in land which was subject to a mortgage
was conveyed by warranty deed "free of incumbrances" and the
grantee thereafter paid the whole mortgage to protect his un-
divided half, he was entitled to a lien upon the other undi-
vided half for the amount so paid.

APPEAL from a judgment of the circuit court for Richland
county: GEORGE CLEMENTSON, Circuit Judge.   *Reversed.*

This is an action brought to partition eighty acres of land
in which plaintiff claims to own an undivided one-half inter-
est; also to enforce a lien for $569.13 on the other undivided
half interest.   The defense was that the plaintiff had no in-
terest in the land.   The decisive question was whether the
plaintiff had tendered a sufficient sum to redeem the lands
from a mortgage thereon (in the form of a deed) held by the
defendant *Grant L. Miner.*

The facts were not substantially in dispute.   Albert and
Jacob Young owned the lands in February, 1899, and then
deeded the same in form to one J. W. Lybrand.   It was
claimed by the Youngs that this deed was in fact a mortgage,
and an action was thereafter brought by the Youngs against
the defendant *Grant L. Miner* (Lybrand's grantee) to have
the said deed declared to be a mortgage and to redeem there-
from, which action came to this court on appeal from a judg-
ment of dismissal of the complaint, a judgment of reversal
being rendered therein about four years since.   *Young v.
Miner,* 141 Wis. 501, 124 N. W. 660.   That action was re-
tried in the circuit court in 1911 and resulted in findings
that the deed was in fact a mortgage, upon which there was
due at the date of the entry of judgment (December 6, 1911)
the sum of $695.18.   At the time of the trial of the redemp-
tion action there was pending an action for waste by the
Youngs against the defendant *Shannon* (the grantee of
*Miner*), who had occupied the premises for several years.   For
the purpose of ending all litigation between the parties, the cir-
cuit judge, prior to the entry of judgment in the redemption

action, took testimony and found the rental value of the premises during the time *Miner* and his grantee were in possession to be $320, and the value of the improvements made during such possession to be $150, and gave the plaintiffs the option of discontinuing the action for waste and consenting that these results be incorporated in the judgment in the redemption action. The plaintiffs accepted the option, dismissed the action for waste, and judgment was thereupon entered in the redemption action providing that within one year the plaintiffs in that action might redeem the premises by paying into court the amount due on the mortgage, viz. $659.18, with interest thereon at six per cent., together with the sum of $150 allowed for improvements on the premises, less the costs of the redemption action taxed at $267.58, and the sum of $320 allowed the plaintiffs for rent. No appeal was taken by either party from this judgment. In that action one A. C. Vaughan was attorney for the Youngs upon an agreement to receive as his compensation a share in the land recovered. October 9, 1911, the Youngs deeded an undivided one-half of the premises "free from all incumbrances" by warranty deed to Vaughan. On November 8, 1911, Vaughan deeded the same interest to his wife, Libbie L. Vaughan. These two deeds were recorded January 19, 1912. November 9, 1912, Libbie L. Vaughan and her husband quitclaimed their interest in the premises to the plaintiff, the deed being recorded November 15, 1912. October 2, 1911, the Youngs assigned to A. C. Vaughan the taxable costs in the redemption action, "except the register's, clerk's, witness and sheriff's fees," and on October 10, 1911, Vaughan and wife assigned their interest in the judgment in that action to the plaintiff. . Both assignments were filed with the clerk of the circuit court November 15, 1912, and not before that time. The costs as finally taxed in that action contained the following items, viz.: attorney's fees, $97.76; clerk's fees, $46.77; witness fees, $72.69; sheriff's fees, $43.01.

March 15, 1912, the Youngs assigned to the defendant *Harry Bailey* all their interest in the judgment by written transfer on the judgment docket. It appears that prior to this date *Bailey* had sued the Youngs and garnished *Grant L. Miner,* and that *Miner* on March 15, 1912, paid into court $133.09 by reason of his supposed liability to the Youngs on the judgment for costs. On the same date *Bailey* acknowledged on the docket the receipt of $133.09 from *Miner* in partial satisfaction of the judgment. On the same date the Youngs quitclaimed their interest in the premises to the defendant *Bailey,* and thereafter *Bailey* quitclaimed his interest to the defendant *Miner.* *Bailey* had no notice or knowledge of the assignment of the attorney's costs to Vaughan, nor of Vaughan's assignment thereof to the plaintiff, when he received his assignment of the judgment from the Youngs, nor had *Miner* any knowledge of said assignments when he paid the $133.09 into court as garnishee. Just prior to the expiration of the year fixed for redemption the plaintiff paid into court in cash $469.13, and claims that this sum is sufficient under the judgment in the redemption action to redeem the premises, as shown in the following statement:

| | | |
|---|---:|---:|
| Amount found due on the mortgage | $695 | 18 |
| Interest for one year thereon | 41 | 71 |
| Value of improvements made on the lands | 150 | 00 |
| | | |
| Total | $886 | 89 |
| *Contra:* | | |
| Damages allowed for waste | $320 | 00 |
| Attorney's fees theretofore paid to Vaughan | 97 | 76 |
| Cash | 469 | 13 |
| | | |
| Total | $886 | 89 |

The trial court held that *Bailey* was an innocent purchaser of the judgment for costs in the redemption action and became the owner of that judgment notwithstanding the prior assignment to the plaintiff, and hence that in paying *Bailey* $133.09 *Miner* had made a payment of that amount upon the

judgment and was entitled to have credit therefor on the judgment. From this premise the court concluded that the plaintiff did not pay into court a sufficient sum to redeem the premises, but should have paid the full $133.09 which *Miner* had thus paid on the judgment. The complaint was thereupon dismissed and the plaintiff appeals.

For the appellant there were briefs by *Burnham & Black,* and oral argument by *O. D. Black.*

For the respondents there was a brief signed by *Bancroft & Johns,* attorneys, and *Sam T. Swansen,* of counsel, and oral argument by *L. H. Bancroft.*

The following opinion was filed June 17, 1914:

WINSLOW, C. J. The whole question of plaintiff's interest in the premises depends on whether he made a sufficient redemption payment, and this depends on the question whether *Bailey* became the owner of the judgment for costs by virtue of his purchase thereof from the Youngs in March, 1912, without notice of the plaintiff's prior assignment from the Youngs through Vaughan. In other words, is *Miner* entitled to protection because he paid a part of the judgment to *Bailey,* who was an innocent purchaser thereof?

It is urged that if he is not given such protection the result will be that he will be paying that part of the judgment twice, and this seems to be true, but after all this is not the test.

To avoid circuity of action and provide for the adjustment of all difficulties between the parties in one proceeding, the trial court decided in the redemption action that if redemption was in fact made the redemptioner might use the judgment for costs against *Miner* which had been rendered in that action as a part of the redemption moneys. That provision was certainly a valid one. It could be taken advantage of by the Youngs or by their grantees at any time within the year allowed for redemption, unless, of course, the judgment had been collected and discharged. Every one dealing with the

judgment during that year must take notice of the fact that the taxed costs may be used as a part of the redemption fund, because the judgment itself so provides and impresses the cost judgment with the character of redemption money.

When *Bailey* took his assignment of the judgment he was charged with notice that the Youngs had already conveyed a half interest in the land and that the grantee of that interest was entitled at any time to redeem under the provisions of the judgment. *Bailey's* title to the judgment for costs was therefore subject to the right of that grantee, or any person to whom he might convey his interest, to make redemption, using as a part of the funds for that purpose this fund, unless indeed the Youngs had collected the judgment before conveying the land. This result seems incontrovertible and disposes of the contention that the Youngs might, after their conveyance to Vaughan, sell and dispose of any part of the judgment or the claim against *Shannon* for rent to the prejudice of Vaughan or Vaughan's grantee.

The claim that the redemption payment was too small because interest on the mortgage was computed from December 6, 1911, instead of from October 25th, does not seem to be well founded. The complaint in the present action alleges that the judgment in the redemption action was entered December 6, 1911, and that it was adjudged thereby that redemption might be made by payment into court of the sum of $695.18, *together with interest thereon at six per cent. per annum from said date.* These allegations are admitted in the various answers, and we do not find any proof to the contrary in the bill of exceptions, although it seems probable that interest should have been allowed from October 25th, which was the date of the findings in the redemption action.

The conclusion is that the amount paid by the plaintiff was sufficient to effect a redemption of the premises.

Upon the second branch of the action the result cannot be seriously in doubt. "When the estates of two persons are

subject to a common mortgage which one pays for the benefit of both, he becomes entitled to a lien on his cotenant's share of the estate to the amount of the equitable proportion of the sum paid to redeem, provided the equities of the parties are equal." *Connell v. Welch,* 101 Wis. 8, 76 N. W. 596.

Both parties claim under the Youngs, who gave a mortgage to Lybrand on the whole premises. Later they conveyed by warranty deed one half the premises to the plaintiff's grantor, "free of incumbrances," thereby imposing the Lybrand-Miner mortgage on the half which they retained as between themselves and the plaintiff. Plaintiff has paid the whole mortgage in order to protect his undivided half; but as against the Youngs and their grantees he is entitled to have his half free from incumbrance, so it seems certain that the judgment to be rendered in this case should provide for the establishment and enforcement of a lien in plaintiff's favor on the undivided half interest in the land deeded to *Bailey* and now held by *Miner* for the amount actually paid by the plaintiff to redeem, viz. cash, $469.13; taxable attorney's fees, $97.76; total, $566.89, with interest from December 6, 1912.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the plaintiff in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on October 6, 1914.