CONNELL, Appellant, vs. WELCH and others, Respondents.

*September 24 — October 11, 1898.*

*Mortgages: Redemption by one tenant in common: Right to lien.*

Sec. 3166, R. S. 1878, giving to a tenant in common of mortgaged lands a right to redeem his undivided interest from the lien of a judgment of foreclosure by paying his proportionate share of the judgment, etc., merely gives an additional remedy and does not supersede the equitable rule by which such a tenant, on redeeming the lands from the mortgage, would become entitled to a lien on his cotenants' interest for their equitable proportion of the sum paid to redeem.

APPEAL from an order of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This is an action by one tenant in common of certain real estate, who had redeemed the entire estate from two mortgages thereon, against her cotenants, to subject their interest in the property to a lien for their proper share of the redemption money, and to foreclose such lien. The complaint shows that the whole estate was originally owned by Hira

Welch, now deceased, and that he gave two mortgages thereon; that these mortgages were not paid, and that upon his death the lands descended to his heirs, four in number, subject to the mortgages; that the plaintiff thereafter purchased the interest of two of the heirs, thus becoming the owner of an undivided half of the property, and that the remaining undivided half is owned by the defendants; that the second mortgage was foreclosed, and that just prior to sale upon the judgment the plaintiff redeemed the entire premises by paying the amount of the foreclosure judgment, interest, and taxes, and also the amount due on the first mortgage, receiving, at the time, written evidence of her intention to keep the liens separate from her estate in the land. A general demurrer to this complaint by the defendants was sustained, and the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Humphrey Pierce*, attorney, and *James Kirwan*, of counsel.

*J. E. McMullen*, for the respondents, contended, *inter alia*, that the reason for the equitable rule under which plaintiff claims, and its application to any case, arises out of the necessity on the part of a cotenant to pay the entire amount of an incumbrance upon the common property in order to protect and preserve his own interest therein. 3 Pomeroy, Eq. Jur. § 1222; *Young v. Williams*, 17 Conn. 393; *Parkman v. Welch*, 19 Pick. 238; *Simpson v. Gardiner*, 97 Ill. 237; *Blue v. Blue*, 38 id. 17; *Stroud v. Casey*, 27 Pa. St. 471; *Briscoe v. Power*, 47 Ill. 447; *Bailey v. Myrick*, 50 Me. 171. Since the enactment of sec. 3166, R. S. 1878, the necessity which created the equitable rule no longer exists.

WINSLOW, J. The rule of law is well established that when the estates of two persons are subject to a common mortgage, which one pays for the benefit of both, he becomes entitled to a lien upon his cotenant's share of the estate to the amount of the equitable proportion of the sum paid to

redeem, provided the equities of the parties are equal. Jones, Mortgages, § 1089; *Stewart v. Stewart*, 90 Wis. 516. In this case the equities of the parties are equal. Neither of them is personally liable to pay the mortgages, but they have succeeded to the ownership of the equity of redemption in the mortgaged lands, either as heirs of the mortgagor or by purchase from heirs. That this was the universal rule in equity is not seriously denied by the respondents, but it is claimed that the rule no longer applies, on account of the provisions of sec. 3166, R. S. 1878. This section provides, among other things, that the owner of an undivided interest in mortgaged lands may redeem such undivided interest from the lien of a judgment of foreclosure of the mortgage by paying his proportionate share of the judgment, taxes, and interest thereon. It is argued that the former equitable rule sprang out of the necessity which a tenant in common was under of paying the whole debt in order to redeem his own share; hence that, the necessity having been taken away, the rule no longer applies. It will be at once noticed that the section only applies to a mortgage which has been foreclosed and passed into *judgment;* hence that it would seem not to apply to the first mortgage which was redeemed from in the present case, upon which no action of foreclosure had ever been commenced, and the old rule would still apply as to the amount paid to redeem from that mortgage. But, however this may be, we regard the statute in question as one granting practically an additional and less burdensome remedy to the tenant desiring to redeem, which, under familiar principles, does not supersede the previously existing remedy unless the intent to take away the previous remedy is expressed or clearly implied. *Goodrich v. Milwaukee*, 24 Wis. 422. It would be manifestly inequitable to hold that the defendants' moiety of the premises is discharged from the lien of the mortgages, when they have paid nothing thereon; and equity is ever zealous to keep alive a mort-

gage, though discharged of record, when it is necessary in order to do complete justice and enforce good conscience between parties. *Stewart v. Stewart, supra,* and cases cited.

*By the Court.*— Order reversed, and action remanded with directions to overrule the demurrer, and for further proceedings according to law.

