HERMANCE, Special Administratrix, and others, Appellants, vs. WEISNER and others, Defendants: KANNENBERG, Respondent.

*April 14—June 25, 1938.*

*William A. Sheldon* of Elkhorn, for the appellants.

For the respondent there were briefs by *Burdick & Burdick* of Lake Geneva, and oral argument by *Hugh L. Burdick*.

The following opinion was filed May 17, 1938:

WICKHEM, J. Plaintiff makes two contentions upon this appeal: (1) That the statute of limitations has cut off all rights of defendant to enforce the two mortgages which she paid off upon the premises in question, and with respect to which except for the statute of limitations she would have succeeded by subrogation to the rights of the mortgagees; and (2) that defendant is not entitled to a lien for improvements without accounting for rents and profits received by her during the term of her possession from 1901

to date.   In view of the nature of these contentions, it will be necessary to state the facts in brief outline.

Christian Voss, former husband of defendant, purchased the premises in January, 1901, and he died April 28, 1901, leaving as his heirs at law his widow, the defendant, and seven minor children, including Emma Voss Braun, plaintiff's predecessor in title.   Upon purchase of the premises Voss assumed an existing first mortgage of $2,200 and executed a second mortgage of $4,300.   These mortgages were wholly unpaid at his death.   Defendant paid the second mortgage on June 12, 1901, and the first mortgage on April 9, 1908.   Except for the year following the death of her husband, defendant leased the premises, and kept the rent both during and after the minority of the children.   During this period she made and paid for improvements amounting to $5,800, and the value of the premises was found to have been increased by these expenditures in the amount of $4,205.   Defendant paid the taxes, kept up ordinary repairs, and supported the cotenants during minority under the belief that she owned the premises.   All this was done with the knowledge and consent of the cotenants since they became of age, and none of them claim any right to an accounting for rents and profits.   Defendant had and still has dower rights in the land.   Her homestead rights terminated in 1904 upon her remarriage.

It is first contended that since more than twenty years has elapsed not only from the time when defendant paid off the mortgages but also from the time when Emma Voss Braun became of age that defendant is not entitled to a lien upon the premises by reason of her rights of subrogation.   Reliance is had upon sec. 330.16, Stats. 1937, providing in part for a twenty-year period of limitations upon an action upon a sealed instrument.

Plaintiff's contention proceeds upon the theory that the sole rights of defendant arise by operation of the doctrine

of subrogation; that, since by paying the mortgages she put herself in the shoes of the mortgagees, her rights arise to no greater dignity than those of the mortgagees and are subject to being cut off by the statute of limitations. We cannot agree to this contention. When defendant, a cotenant, prior to foreclosure paid off the mortgages, she got thereby a right of action for contribution against her cotenants. *McLaughlin v. Estate of Curts,* 27 Wis. 644. By reason of her having paid off the mortgages under the compulsion of saving her estate, she was not a volunteer and therefore was entitled to be subrogated to the rights of the mortgagees and could enforce the mortgage against the property. *Charmley v. Charmley,* 125 Wis. 297, 103 N. W. 1106. It may well be that the statute of limitations runs upon defendant's right of contribution as well as upon any action by her to foreclose the mortgages which she redeemed on behalf of herself and her cotenants. *Charmley v. Charmley, supra.* However, it appears from *Connell v. Welch,* 101 Wis. 8, 76 N. W. 596; *Stewart v. Stewart,* 90 Wis. 516, 521, 63 N. W. 886; and *McLaughlin v. Estate of Curts, supra,* that over and above the foregoing remedies and completely independent of them, defendant had a lien upon the premises by reason of her payment which she could enforce as an offset in an action for accounting or as an allowance upon a partition, regardless of her right to foreclose the security or to bring separate actions for contribution. It is stated in *Stewart v. Stewart, supra,* with respect to a cotenant that—

"having in good faith paid the mortgage while thus in possession, James A. and Archibald should, in equity, be regarded as having thereby acquired an interest in the premises commensurate with the amount of money so paid."

It is our conclusion that defendant acquired an interest in the nature of a lien upon the rights of the cotenants, and that the statute of limitations did not cut off her right to avail herself of this in an action for partition: The facts of

this case plainly indicate the strong equities existing in defendant's favor. Defendant's husband invested only $400 in the property, and with this small payment took possession and title subject to mortgages aggregating nearly $7,000. Defendant, supposing in good faith that she was the owner of the property, paid off these mortgages. Thus, defendant has discharged substantially the entire purchase price of the premises. She has occupied them or been in full possession of them and the rents and profits during all of the time when it is claimed she should have brought some sort of action to foreclose the rights of her cotenants. They were her minor children and were supported in part out of the income from the premises. They consented to her possession and to her receiving and retaining the rents and profits for herself. In other words, they treated her to all intents and purposes as owner of the property. Under these circumstances, she is entitled in equity to have the sums expended in removing incumbrances treated as a lien upon the interests of the cotenants upon a partition.

The next question is as to her right to have allowed to her upon partition the amount by which the property has been increased in value through improvements purchased and paid for by her without accounting for rents received by her. In 47 C. J. p. 471, § 505, the rule is thus stated:

"Improvements made by a tenant in common in possession may also be adjusted by setting them off against a claim for rents and profits."

Plaintiff claims that, if defendant is to be allowed a lien for improvements, she should also account for the rents and profits during the entire period of her possession. While recognizing that the general rule is as above stated, there is a conclusive answer to plaintiff's contention. None of the cotenants ever set up any claim for rents and profits either during or after minority. They set up no such claim now.

Defendant received and kept the rents with their full consent, and neither they nor one holding under them are in any position now to insist on such an accounting as plaintiff demands. Further than this, the court can take judicial notice of the fact that the rentals of the farm which amounted to four or five hundred dollars would little more than compensate defendant for the interest on the mortgages to say nothing of taxes and ordinary repairs.

We conclude that the trial court correctly disposed of the matter.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 25, 1938.