80 So.2d 608 (1955)
David L. MECKLER, Appellant,
v.
Anna B. WEISS, Appellee.
Supreme Court of Florida. Special Division B.
May 27, 1955.
Glenn Bludworth, Miami, for appellant.
Monroe Dixon, Miami, for appellee.
DREW, Chief Justice.
The original plaintiff appeals from a final order dismissing with prejudice his amended complaint in equity. In substance it was alleged that appellant and appellee, as cotenants, each owned an undivided one-half interest in real estate upon which they executed jointly a note and third mortgage to evidence and secure a debt which was their equal responsibility and that after maturity of the debt appellant without reimbursement from appellee paid the entire amount due and obtained a satisfaction of the mortgage. Thereafter appellant conveyed his undivided one-half interest to a third party who is not a party to nor involved in this litigation. Appellant prayed that the security of the third mortgage be kept alive and enforced in equity as a lien against appellee's undivided one-half interest in the property for his proportionate share of the mortgage debt which had been paid by appellant.
While there is much to be desired in the draftsmanship of the complaint, the facts alleged are sufficient to establish a right to a lien on appellee's interest in the *609 property by way of subrogation in equity. See Jones v. Carpenter, 90 Fla. 407, 414, 106 So. 127, 129, 43 A.L.R. 1409; where we noted that equitable liens are based upon the doctrine of estoppel and "arise in cases of expenditures by one joint owner on real or other property * * *." This result conforms to the general rule applicable to co-obligors that as between them, when one of them pays more than his proportionate share of the debt owed by both, the payer is entitled to contribution from the other; and where the entire obligation has been discharged the payor in addition to an action at law for restitution is entitled to be subrogated to the position of the creditor but his right of recovery by means of subrogation is limited to contribution if between them neither had a prior duty of performance. Rest., Restitution (1937) p. 369, Sec. 81, Comment i, p. 437, Sec. 104, Comment a. This general rule is widely recognized, see 14 Am.Jur., Cotenancy, p. 111, Sec. 45; 86 C.J.S., Tenancy in Common, § 70a, p. 460; 83 C.J.S., Subrogation, § 18, p. 619, particularly where one having an interest in property satisfies a mortgage thereon. Hathaway v. Ford Motor Co., 9 Cir., 264 F. 952; Webster v. Horton, 188 Ark. 610, 67 S.W.2d 200; Dinsmoor v. Rowse, 211 Ill. 317, 71 N.E. 1003; Hermance v. Weisner, 228 Wis. 501, 279 N.W. 608, 117 A.L.R. 1437. But appellant's right of recovery in equity being "limited to contribution," he is not entitled to fees for services of his attorney in this suit.
The mere fact that the appellant has conveyed his undivided one-half interest to another does not deprive him of his equitable lien on the undivided one-half interest of his former cotenant because the interest of appellant's vendee is in no way affected by this suit and rights of bona fide purchasers for value and without notice are not involved. See Martin v. Carlisle, 46 Okla. 268, 148 P. 833, 6 A.L.R. 154.
Reversed.
TERRELL, HOBSON and THORNAL, JJ., concur.
THORNAL, Justice (concurring).
The brief of appellee is permeated with allegations of facts which nowhere appear in the record. These allegations might be made the subject of an answer but they are inappropriately included in the brief. They cannot be considered on this appeal. The amended complaint was good against the motion to dismiss.