Jezo, Appellant, v. Jezo, Respondent.*

*March 5—March 31, 1964.*

* Motions for rehearing denied, without costs, on June 30, 1964.

400

For the appellant there were briefs by *Whyte, Hirsch-boeck, Minahan, Harding & Harland,* attorneys, and *Victor M. Harding* of counsel, all of Milwaukee, and oral argument by *Victor M. Harding.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Reuben W. Peterson, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr Peterson.*

DIETERICH, J. The record reveals the following facts. Martin and Stella Jezo were married in 1921, and Martin entered into the building business shortly thereafter. The Jezo's home was used as an office until 1933. In 1934, the business was incorporated, and a single certificate of stock was issued to Martin and Stella jointly. Stella was an officer and director of the corporation from 1934 to 1957, and from 1934 to 1953, she did some office work for the business, for which she received a salary and bonuses. The business halted temporarily during World War II, and flourished thereafter. In 1957, Martin bought out Stella's stock in the company, and she has not participated in its activities since that time.

Martin followed the practice of acquiring all real estate jointly in the name of Stella and himself, and the couple maintained a joint checking account. Each also maintained one or more separate bank accounts, although as funds were needed for acquisition or improvement of property, they would transfer funds from their separate accounts and place them in the joint account. Company expenses were charged to the joint account. Prior to 1957, all taxes on income from the joint properties were paid out of the joint account, and from that time forward the taxes were paid from the individual funds.

The accounting firm which had handled the Jezo's financial affairs for the past forty years was asked by Martin to determine the respective contributions of Martin and Stella toward the jointly owned assets. The record reveals that errors were made in allocating these contributions, although after corrections had been made, the accountant's report indicated that since 1948, the parties' contributions toward the joint assets amounted to approximately 85 percent for Martin and approximately 15 percent for Stella. Stella disputed the accountant's calculations, and the trial court made no determination as to the respective contributions of Martin

and Stella, although it found that Martin's monetary contributions were substantially in excess of Stella's.

The only issue presented on this appeal is whether, in an action for partition, where it is determined that one of two joint owners made a larger contribution than the other to the jointly owned assets, the division should be made on an equal basis, or whether there are other factors relating to the respective contributions made by each joint owner which should be taken into consideration. The trial court determined that there should be an equal division between Martin and Stella. The property in question consists of five parcels of jointly held real estate and two joint bank accounts, with a total aggregate value of approximately $430,000. Neither party questions the fact that this property is jointly owned by Martin and Stella, and it is conceded that Martin is entitled to partition as a matter of right.

Partition is an equitable proceeding, and the object of a court of equity is to do justice between the parties. *Kubina v. Nichols* (1942), 241 Wis. 644, 648, 6 N. W. (2d) 657; *Rainer v. Holmes* (1956), 272 Wis. 349, 352, 75 N. W. (2d) 290. Sec. 276.05, Stats., outlines the powers of the court in actions for partition, and that section provides as follows:

"In all actions for partition the court may try and determine all questions of conflicting or controverted titles, quiet title, remove clouds in titles, assign dower and homestead and estate by the curtesy, apportion encumbrances, adjust claims for improvements or for rents and profits; by its judgment invest titles without the forms of conveyances, adjudge a sale either subject to or free from encumbrance, and order sales for the purpose of division in proper cases."

The fundamental concept of joint tenancy is that the joint tenants enjoy the estate equally during their lives, each having an undivided one-half interest in the property. *Estate of King* (1952), 261 Wis. 266, 52 N. W. (2d) 885; *Eloff*

*v. Riesch* (1961), 14 Wis. (2d) 519, 523, 111 N. W. (2d) 578. While a joint tenancy differs from a tenancy in common in several respects, for the purpose of division of the proceeds derived from the sale of the property upon termination of the joint tenancy, the essential differences between the two cease to exist. Joint tenants are said to be seized of the entire estate for purposes of tenure and survivorship, but of only a particular part or interest for the purpose of immediate alienation; whereas tenants in common having no rights of survivorship, hold separate estates in the whole. 14 Am. Jur., Cotenancy, pp. 81, 88, secs. 8, 17. The Iowa supreme court, in summarizing the law on the subject of division of property pursuant to termination of a tenancy in common in *Williams v. Monzingo* (1944), 235 Iowa 434, 442, 16 N. W. (2d) 619, 156 A. L. R. 508, stated as follows:

". . . we find the rule to be that where a conveyance to purchasers of a tenancy in common is silent these purchasers are presumed to take equal shares. However, this presumption is a rebuttable one and does not prevent proof from being introduced that the respective holdings and the interests of the parties are unequal. In a showing of unequal contribution, in the absence of further proof, the prior presumption is overcome and another presumption arises; that is, that the parties intended to share in proportion to the amount contributed by each to the purchase price."

The series of presumptions arising in the division of an estate held in a tenancy in common is extensively annotated in 156 A. L. R. 515. *Hermance v. Weisner* (1938), 228 Wis. 501, 506, 279 N. W. 608, was a partition action where one cotenant, who had paid off several mortgages on the property, thus discharging substantially the entire purchase price of the premises, was given a lien on the property to recover the sums expended in removing the encumbrances from the jointly held property. In *Eloff v. Riesch, supra,* one joint tenant who had paid off a mortgage upon the en-

tire property was entitled to be subrogated to the rights of the mortgagee against the other joint tenants, and was given a lien on their interest. The court noted that this would be true even though the joint tenants were husband and wife, citing *Petty v. Petty* (1927), 220 Ky. 569, 295 S. W. 863.

The rule is, therefore, that the interests of joint tenants being equal during their lives, a presumption arises that upon dissolution of the joint tenancy during the lives of the cotenants, each is entitled to an equal share of the proceeds. This presumption is subject to rebuttal, however, and does not prevent proof from being introduced that the respective holdings and interests of the parties are unequal. The presumption may be rebutted by evidence showing the source of the actual cash outlay at the time of acquisition, the intent of the cotenant creating the joint tenancy to make a gift of the half interest to the other cotenant, unequal contribution by way of money or services,[1] unequal expenditures in improving the property or freeing it from encumbrances and clouds, or other evidence raising inferences contrary to the idea of equal interest in the joint estate.

In the instant action, the trial court found that Martin's monetary contributions to the jointly held property "were substantially in excess" of those made by Stella, although no finding was made as to the precise amount of each party's contributions. The record reveals that there was some dispute over the accuracy of the figures submitted by the accounting firm, and Stella did not attempt to put in any evidence of her contributions to the joint estate. Upon the record in the instant action, it is obvious that a reappraisal by the trial court of the respective interests of Martin and

---

[1] In the case of a joint tenancy between husband and wife, however, the duties and services incidental to the marital relation are not properly considered in this respect.

Stella Jezo in the jointly owned property is required in order that justice may be done between the parties.

On the former appeal, this court stated that determination of the issue relating to the property of the parties should be made by the circuit court on the basis of the same legal and equitable principles which would govern the rights to property as between strangers, and that the fact that the litigants are husband and wife should not play a role in the resolution of the partition question. *Jezo v. Jezo, supra,* page 82. The appellant contends that if these directions are adhered to, the question of dower and curtesy need not be considered. The trial court did not refer to dower or curtesy at all. What we said in *Jezo v. Jezo, supra,* about treating the parties as "strangers," although perhaps somewhat misleading, was not intended to preclude consideration of dower and curtesy in making the division. Sec. 276.36, Stats., dealing with partition actions, provides in part as follows:

"Any party to the action who has a right of inchoate dower or is a tenant by the curtesy, for life or for years shall be entitled to receive from the proceeds of the sale a gross sum, to be fixed according to the principles of law applicable to annuities, in satisfaction of his or her estate or interest."

Since the partition will have the effect of extinguishing the dower and curtesy interests of the parties in the instant action, these interests must be taken into consideration by the trial court in arriving at an equitable division of the joint estate. Stella's inchoate right of dower is not necessarily offset by Martin's right of curtesy, for the wife's dower interest is absolute, in the sense that it cannot be unilaterally extinguished by the husband, whereas a husband's curtesy rights may be extinguished by the unilateral act of the wife.

Our reference in the earlier *Jezo Case* to the fact that the parties should be treated as "strangers" was intended to exclude from consideration in making an equitable partition certain purely matrimonial matters which sometimes can affect the division of property in a divorce action. For example, in divorce the blame on the part of one spouse in causing the divorce may be considered in the division of property. See *Barrock v. Barrock* (1950), 257 Wis. 565, 570, 44 N. W. (2d) 527. On the other hand, the fact that the parties are man and wife may have occasioned completed interspousal gifts, and such factors would have to be considered in a partition action.

It necessarily follows that the interlocutory judgment of the circuit court must be reversed. The cause is remanded with directions to the court to redetermine the question of the respective contributions of Martin and Stella Jezo to the jointly owned property. The trial court may require additional evidence to be received in making its final determination.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings not inconsistent with this opinion.

The following opinion was filed June 30, 1964:

PER CURIAM (*on motions for rehearing*). In this memorandum, we propose to amplify the following portion of the opinion as it relates to the instant case:

"The rule is, therefore, that the interests of joint tenants being equal during their lives, a presumption arises that upon dissolution of the joint tenancy during the lives of the cotenants, each is entitled to an equal share of the proceeds. This presumption is subject to rebuttal, however, and does not prevent proof from being introduced that the respective

holdings and interests of the parties are unequal. The presumption may be rebutted by evidence showing the source of the actual cash outlay at the time of acquisition, the intent of the cotenant creating the joint tenancy to make a gift of the half interest to the other cotenant, unequal contribution by way of money or services, unequal expenditures in improving the property or freeing it from encumbrances and clouds, or other evidence raising inferences contrary to the idea of equal interest in the joint estate."

We confine these added comments to the limited situation of a partition suit between wife and husband as it relates to property ostensibly standing in their joint names as joint tenants. We deem that it would be undesirable public policy to encourage a spouse to utilize partition in the expectation of gaining a greater share of jointly held assets than might normally be granted in divorce proceedings.

In partition, equitable principles are to be applied and if the circumstances are such that equality is not equity, the court is not bound to partition in equal shares simply because there is a joint tenancy in form. Husband and wife often take property in joint tenancy without contemplating the legal effect or with thought only as to the incidents of survivorship. Little attention may have been paid by spouses as to the possibility that the parties may desire to divide the property while both remain alive, and therefore it may be inequitable as between the parties to bind them absolutely to the consequences of joint tenancy in that event. Partition between husband and wife strictly in proportion to the manner in which their legal interests formally appear will often produce a result which the parties clearly did not intend.

The fact that property held by husband and wife is in the form of a joint tenancy does not preclude a court of equity in such a partition suit from going behind the joint-tenancy form in order to decide whether the parties truly

intended a joint tenancy in fact. The presumption that a true joint tenancy was intended may be rebutted by evidence showing a different intention.

Evidence of unequal contributions by way of money or services is a factor to be considered but is not necessarily controlling. The reason that unequal contributions alone may not be sufficient to rebut the presumption is that it might have been the intention of the party making the greater contribution to make a gift of that part of his or her contribution which exceeded one half the acquisition cost. Even where one of the parties furnished all the consideration, a gift might likewise have been intended of the one half.

Unequal expenditures in improving property and freeing it from encumbrances and clouds might not be sufficient, standing alone, to convert an original joint tenancy into a tenancy in common, but would justify the court's ordering reimbursement of the amount so paid before dividing the residue between the parties.

If upon retrial, the court finds that any particular property standing in joint tenancy was intended to be a joint tenancy in fact as well as in form the proceeds derived on sale of such property are to be divided equally between the parties.

We recognize that dower does not attach to lands held in joint tenancy. Under sec. 233.01, Stats., a widow is entitled to dower out of land in which her husband was seized of an estate of inheritance at any time during the marriage. Since the death of one joint tenant extinguishes his estate, leaving the fee in the survivor, a joint tenancy is not deemed an estate of inheritance, and is not subject to dower or curtesy.

However, our opinion was not intended to relate to the question of dower as it applied to the jointly held property *before* the partition. If the real estate involved had been

partitioned in kind, the partitioning court could have barred respondent's inchoate right of dower in the lands set off to her husband. Sec. 276.05, Stats. In that case an award in the nature of owelty would have been proper under sec. 276.42. Here, however, the partitioning court has decreed a sale of all real estate involved. Thus the lands will have been converted into personalty.

If any of the lands are found to constitute true joint tenancies, the respondent wife will be entitled to no dower therein. She would, however, be entitled to dower in any lands which are found to be held in joint tenancy in form but which are intended not to have all the legal consequences of joint tenancy.

We see no reason why the existence of the possibility that a partitioning court may, as between the joint tenants, make a distribution in unequal proportion should cause concern to third parties who accept conveyances, mortgages, or the like, from one of the joint tenants. Except for situations of collusion, such third parties would be entitled to rely upon each joint tenant having the full interest in the property which is recognized by law.

Both motions for rehearing are denied, without costs.

HALLOWS, J. (*on motion for rehearing, dissenting in part*). I see no reason why the extended explanation of the *per curiam* opinion is limited to a partition suit between husband and wife. A brother and sister, and a parent and child relationship may give rise to joint tenancies in form which are not intended to be such in fact. In those cases the form of tenancy should not preclude the court from determining the substance—it never has in the history of the courts of equity. This is the true ground upon which a partition should be made, not that public policy should prevent a spouse from obtaining a greater share of the jointly held

assets than such spouse normally would receive in a divorce proceeding. Principles applied to a division of property in divorce are entirely different than those applicable to a partition.

I point out an apparent inconsistency in the *per curiam* opinion. It is intimated that if the real estate involved had been partitioned in kind, dower could have been barred in the land set off to her husband and the value of the inchoate right of dower determined, presumably under sec. 276.36, Stats., and given to the wife in addition to whatever interest she had in the property. However, in the case of sale, the court would deny such interest to the wife. In view of this decision, it behooves husbands to seek a partition by sale; and wives, a division in kind.

I am authorized to state Mr. Justice FAIRCHILD joins in this opinion.