ROBERT P. SMITH, Jr., Judge.
In an independent action filed some years after the parties’ marriage dissolution judgment, the former wife appeals from a circuit court judgment dismissing, on the merits, her suit for an accounting against the former husband.
After a 1972 marriage dissolution judgment, the former home property, previously held by the entireties, was-owned as tenants in common by the former wife, plaintiff below and appellant here, and the former husband. It was agreed below that the dissolution judgment, which is not included in this record, awarded exclusive use and occupancy of the house to the wife but was silent on the question of who was to pay on the mortgage and for taxes, insurance, repairs, and other expenditures for maintenance of the house.
The former wife occupied the house until 1979, when she moved with the children to Wisconsin. In those seven years she had made some 56 payments on the mortgage *187 and, we assume, for insurance and taxes, and other substantial expenditures for maintenance and repair. In 1980, after she vacated, the marriage dissolution judgment was amended (by stipulation, we assume) to grant the former husband exclusive occupancy, again without provision for charges and credits between the parties on account of expenditures or on account of rental value for occupancy. For about a year, then, the former husband, now the occupant, paid on the mortgage and for the other usual expenses until the house was sold, by agreement of the parties, in January 1981. The sale proceeds and the former mortgagee’s escrow fund were then disbursed equally to the parties on their joint written instructions to the mortgagee and the real estate broker.
Plaintiff, the former wife, then filed an independent suit for an accounting from the husband, claiming from his share of the sale proceeds one-half her expenditures for the house from 1972 through 1979. She alleged she had previously been “unaware of her rights to such a credit and relied upon the defendant” to repay her those sums from his share of the sale proceeds. Subject to appropriate defenses, including that of accord and satisfaction, defendant claimed alternatively that he too, during his year of possession, had made payments on account of the mortgage, repairs and taxes, and that for these he should have credit against any award to plaintiff.
The case was tried to the court. Without reaching the question of whether plaintiff otherwise showed entitlement to an accounting, the court entered judgment for defendant, saying that “the parties mutually agreed” to the disbursement made through the realtor and “there was no concealment” in the transaction that entitled the wife to rely on the husband for any payment or reimbursement beyond a 50-50 share of the net proceeds after satisfying the mortgage.
Whether the theory of defendant’s affirmative defense is termed eompromise- and-settlement or accord-and-satisfaction, the question is whether substantial competent evidence supports the circuit court’s judgment that the wife’s act of signing a disbursal instruction to the realtor and the escrow agent, calling for a 50-50 distribution of the net sale proceeds, evidenced her agreement to forego any further claim for reimbursement on account of her seven-years’ payments sustaining the house. The husband’s testimony adds little to the significance of these signatures: he merely answered affirmatively to the ambiguously leading questions, “Did she ever acknowledge that she was entitled to more than one-half of the net proceeds?”, and “[D]id she agree to forego those proceeds in exchange for fifty-fifty split in the net proceeds of this?”
The quality of this evidence, as indicating or not an express or implied agreement to settle for one-half the sale proceeds, must be judged in context of the antecedent claims of the parties. If the antecedent history had ended with a clear dispute on the record, one might pour meaning into the wife’s signature on the disbursal instructions: in a desire to sell the house and to end the co-ownership, one might say, she deliberately if foolishly relinquished, without concealment or artifice by the husband, claims that divorce courts ordinarily honor in dissolution judgments, see Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979), appropriating law partitioning conventional tenancies in common, see Meckler v. Weiss, 80 So.2d 608 (Fla.1955): she might be deemed to have relinquished, for the presumed benefits of settling, an apparent right to credit for one-half the expenditures she made for seven years to support the house, less, perhaps, an offset for the rental value of her occupancy. For his part, the husband might be deemed in settlement to have relinquished his countervailing claim for half-credit on account of his own similar payments for a year, less the value of his own occupancy.
But her signatures on the disbursal instructions to the realtor and escrow agent, directing a split of the net sales proceeds, remain too ambiguous to support such weighty attributions in law. For they are *188 consistent with her private purpose, if not with his, to settle accounts later, after the sale was consummated. Had his purpose to settle all accounts been clearly communicated, then perhaps her reservations, or her disclaimers then or later, would not avail her now. See State Road Department v. Houdaille Industries, Inc., 237 So.2d 270 (Fla. 1st DCA 1970).
There being no clear evidence of communications between the parties at the moment they signed the papers which the husband claims are decisive, we must look to the antecedents. There we find, two years before the consummated sale, that the wife was advised by one lawyer that she was entitled to full credit for her expenditures, that another advised her she was entitled to one-half credit, which is the amount claimed by this suit, and that the husband’s counsel advised him that he agreed with the second lawyer. Beyond that, there is no decisive evidence except the wife’s signatures and the husband’s uncertain testimony recounted above. Since no contract, including an accord upon a previous dispute, can arise except by will and agreement of the parties, we find the evidence entirely insufficient to support a conclusion that by her signatures to simple disbursal instructions the wife agreed to relinquish a claim, possibly well-founded, in which the husband was advised by counsel to acquiesce.
Reversing the circuit court’s judgment that there was an accord and satisfaction, we stop short of considering the wife’s claim on the merits of her accounting claim. The circuit court has not ruled upon that claim; we have not the benefit of the dissolution judgment on which the wife’s possession was predicated, so we cannot surely know whether discounts should be made for her tenancy; and the husband’s payments and tenancy, too, must be taken into account. Therefore we REVERSE the judgment and REMAND the case for proceedings upon the claim and the defenses other than accord and satisfaction.
WENTWORTH and ZEHMER, JJ., concur.