In re James A. MARKS, and Peggy E. Marks, Debtors,

Harold W. JUST, Joyce Esselman, Thomas Schmidt, Lynn McDonald, Jerry Doss, Donald Turner, Erick Wilson, Dennis H. Briggs, H. Brown Optopalik, Timothy T. Flaherty and Ronald Rozek, Plaintiffs,

v.

James A. MARKS, Defendant.

Bankruptcy No. 91–7113–9P7.
Adv. No. 91–604.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 28, 1992.

See also 139 B.R. 548.

Robert W. Clark, Tampa, FL, David A. Melnick, Anjum Dieckman, Milwaukee, WI, for plaintiffs.

Lloyd W. Bowein, Naples, FL, Jeffrey W. Leasure, Ft. Myers, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is Count III of the Amended Complaint filed by Harold W. Just, et. al. (Plaintiffs) seeking a determination that debts due and owing by James A. Marks (Debtor) are not dischargeable pursuant to § 523(a)(4) of the Bankruptcy Code. The Debtor has filed a Motion for Summary Judgment. The undisputed facts as they appear in the record, and as established at the duly noticed hearing are as follows:

The Debtor is a former resident of Wisconsin. From 1985 through 1988, the Debtor acted as the general partner of Appleton Building Associates (ABA), a Wisconsin limited partnership. The Plaintiffs were limited partners in ABA, which was formed to facilitate and finance the development of certain real estate located in Appleton, Wisconsin. As a part of this partnership, the Debtor and the Plaintiffs executed a Limited Partnership Agreement on June 5, 1985,

which set forth the terms of the Partnership.

Prior to the commencement of this bankruptcy case, the Plaintiffs sued the Debtor in the United States District Court for the Eastern District of Wisconsin. In their suit, the Plaintiffs sought to recover damages suffered as a result of the Debtor's alleged mismanagement of the affairs of the partnership, defalcation, and diversion of partnership funds. A Final Judgment By Default was entered on behalf of the Plaintiffs and against the Debtor awarding in excess of $3 million to the Plaintiffs, plus interest, attorney's fees and costs.

After the Debtor moved to Florida, he filed a Petition for Relief under Chapter 7 of the Bankruptcy Code, properly listing the Plaintiffs as creditors on his schedules. In due course, the Plaintiffs filed a Complaint seeking a determination that the debt owed to them, represented by the Final Judgment entered by the District Court in Wisconsin, is a nondischargeable debt pursuant to § 523(a)(4) of the Bankruptcy Code. An Amended Complaint included additional theories of recovery based on the originally alleged facts, none of which are relevant to the Motion under consideration.

As noted earlier, the matter under consideration is a Motion for Summary Judgment filed by the Debtor, who contends that he owed no fiduciary duty to the Plaintiffs and therefore, pursuant to § 523(a)(4), he is entitled to judgment in his favor as a matter of law, determining the debt represented by the judgment entered in the court in Wisconsin is a dischargeable obligation. In turn, it is the Plaintiffs' contention that the partnership agreement did create a fiduciary relationship between the Debtor and the Plaintiffs which, according to the Plaintiffs, the Debtor breached.

■ Summary Judgment is appropriate when there are no genuine issues of material fact, and when one party is entitled to judgment as a matter of law. Fed.R.Civ. Pro. 56 as adopted by F.R.B.P. 7056.

The Partnership Agreement in Paragraph (e) on Pages 12 and 13 deals with the general partner's, that is the Debtor's, right to be indemnified by the limited partners under certain conditions. It provides an exception that the right of indemnification will not cover acts or omissions performed or omitted fraudulently, in bad faith or with gross negligence or willful misconduct. On Page 13, the same paragraph provides that this exception applies and does not release the General Partner, i.e. the Debtor, from its fiduciary responsibility to the partnership. There is nothing in the Partnership Agreement which actually creates a fiduciary relationship by defining precisely the duties of the General Partner vis-a-vis the limited partners and it deals with the subject only in the context of indemnification right of the Debtor.

■ It is clear that ordinary commercial relationships such as those of a principal/agent are generally not within the term of "fiduciary" as used in Section 523(a)(4). As stated by the Fifth Circuit in the case of *Matter of Angelle*, 610 F.2d 1335 (5th Cir. 1980), the relationship must be created by contract and cannot arise as a result of the alleged wrongdoing. From this it follows that before a fiduciary relationship is found to exist it must be in existence before the occurrence of the act from which the debt arose. Thus, one charged must be a fiduciary before the wrong and not as a result of the wrongdoing. *See also, In re Sawyer*, 112 B.R. 386 (D.Colo.1990). Notwithstanding, it is generally established in this State that a partnership is a confidential relationship just like that of a client and attorney or a trustee. Thus, like other fiduciaries, partners have a legal obligation to observe good faith and integrity in their dealings with one another with respect to the partnership business, and the relationship between partners is fundamentally one of mutual trust and confidence. *West v. Chasten*, 12 Fla. 315 (1868); *Meckler v. Weiss*, 80 So.2d 608 (1955). For instance, it was held that a managing partner breached his fiduciary duty under a written partnership agreement concerning a real estate project. *Slingerland v. Hurley*, 388 So.2d 587, (Fla. 4th DCA 1980) dismissed without opinion, 394 So.2d 1152 (Fla.1980).

■ In this partnership agreement the only position which deals with the general partners' rights and duties is the general partner's right to be indemnified under certain specified conditions. Thus, it is unclear and it cannot be determined from this record that this particular partnership was created to be a partnership in which the general partner was deemed to be a fiduciary vis-a-vis the limited partners.

Based on the foregoing this Court is satisfied that it would be inappropriate to resolve this issue by summary judgment and it is clear that the precise relationship of the parties is subject to disputed facts which are material to the resolution of this controversy. For this reason, this Court is satisfied that while at first blush the resolution of this controversy might be appropriate for a summary disposition, it is fact intensive and the Motion should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment is hereby denied and a Final Evidentiary Hearing in this matter shall be held before the undersigned at Barnett Plaza, 2000 Main Street, Suite 302, Ft. Myers, Florida on November 5, 1992, at 8:30 a.m.

DONE AND ORDERED.